COTTEN *et ux. v.* COTTEN *et al.*

(In Banc. April 26, 1948.)

[35 So. (2d) 61. No. 36749.]

Guyton & Allen, of Kosciusko, for appellants.

**Morgan & Thornton**, of Kosciusko, for appellees.

**McGehee, J.**, delivered the opinion of the court.

A disputed land line between the N½ of N½ of NE¼ and the S½ of N½ of NE¼ of Section 23, Township 13, Range 7 East in Attala County is the subject matter of this litigation. The North tract is owned by the appellees, Ada Cotten and others, as heirs-at-law of Jake Cotten, deceased, who acquired the same by deed from his brother, Quit Cotten, during the year 1913. The South

tract is owned by the appellant, E. H. Cotten, who acquired the same from his father, the said Quit Cotten, during the year 1933.

The suit is brought by E. H. Cotten and wife to establish the land line according to a governmental survey thereof, which is alleged to have been ascertained by a recent survey made by one Frank Lacy who did not appear as a witness to testify as to its correctness. The court was also asked to enjoin the defendants from continuing to use the strip of land which is in controversy south of such survey. The defendants, in their answer, set up a title by more than ten years' adverse possession thereof, without regard to whether or not the same is a part of their N½ of N½ of NE¼ whereof they hold the record title.

The complainants, in an amendment to their bill of complaint, made long prior to the trial, alleged, in addition to the title acquired from Quit Cotten in 1933, to the S½ of the N½ of the NE¼, that the said complainant E. H. Cotten had obtained title thereto through a tax sale made to the State on September 18, 1933, for the delinquent taxes for the year 1932, which had matured in the State for failure to redeem; and by reason of the issuance of a patent to the same during the year 1938 to W. J. Sanders, who thereafter conveyed the same to said complainant during the year 1939.

This amendment to the bill of complaint setting up this title as having been acquired during the adverse possession claimed by the defendants, and after such possession is alleged by the defendants to have continued for more than ten years, put the defendants on notice in advance of the trial that such tax title would be asserted against whatever claim the defendants might have to the strip of land in controversy. However, the record evidence of such tax assessment and sale, together with the patent from the State to W. J. Sanders, and the deed from the latter to the complainant E. H. Cotten, was not introduced as evidence in chief. It was offered after the de-

fendants had rested their case on their defense of adverse possession and their claim that the line contended for by them was established by agreement between Quit Cotten and their Father, Jake Cotten, in 1913. Upon objection to the introduction of this record evidence of the tax title, the same was not permitted to be introduced for the reason that the trial court was of the opinion that the same was not in rebuttal, and for the further reason that the court was under the impression that under the pleadings the complainant, E. H. Cotten, had not alleged that he had obtained the title that may have been acquired by the State through such tax sale.

We are of the opinion that the record evidence thus offered would have been in rebuttal of the defendants' claim in their answer, and at the trial, that they then held the title by adverse possession, even though they may have acquired title by adverse possession prior to such tax sale. Moreover, the rule as to allowing the introduction of evidence in rebuttal which may have been more properly introduced in chief is not to be enforced in equity with such strictness as is required at law, since it is the duty of the chancellor to hear a case fully on the trial even though it be necessary to remand the same to rules for a further development of the facts in the case.

However, it is contended by the appellees that since the amendment to the bill of complaint had alleged (even though erroneously) that the S½ of the N½ of the NE¼ was assessed to the complainant E. H. Cotten when the tax sale was made in 1933, he cannot now assert this tax title against the defendants for the reason that it was his duty to pay the taxes for which the land was sold. The record shows that the said complainant, E. H. Cotten, did not purchase the land from his father, Quit Cotten, until November 15, 1933, and the defendants cannot consistently contend that they owned the strip of land in controversy, assuming that the same is a part of the S½ of the N½ of the NE¼, and at the same time contend that it was the duty of the complainant to pay the taxes thereon.

Section 9769, Code of 1942, brought forward from the Code of 1930, requires the owner of land to furnish the assessor with its description, total acreage, acres in cultivation, acres in timber, acres of uncultivatable land and the value of the improvements thereon. And, Section 9744, Code of 1942, provides, among other things, that all taxes assessed shall be a lien upon and bind the property assessed, and that it shall not be necessary to the validity of the assessment, or of a sale of the land for taxes, that it shall be assessed to the true owner; and that the sale shall be the proceeding against the thing sold, and shall vest title in the purchaser, without regard to who may own the land when assessed or when sold, etc.

Therefore, assuming that at the time of the tax sale the defendants had acquired a perfect title to the land by ten years' continuous adverse possession thereof, and the chancellor so found on conflicting evidence that such was the fact, they could nevertheless lose title thereto by permitting the same to be sold as a part of the S½ of the N½ of the NE¼. Hence, the case must be reversed and remanded in order that the complainant may offer the proof which they sought to introduce, and in order that if such proof discloses a valid assessment and sale for taxes and the acquisition of the tax title by the complainant, E. H. Cotten, the court may provide for the true line between the North tract and the South tract to be established by a survey for the location of the same, as prayed for in the bill of complaint.

It is conceded by the appellants that there is no previous decision of this Court expressly holding that a sale to the State for taxes has the effect of breaking the continuity of adverse possession where the claimant on such ground continues in possession, but the case of Douglas et al. v. Skelly Oil Company et al., 201 Miss. 23, 28 So. (2d) 227, 230, is cited, holding that: "Moreover, the contention of the appellants to the effect that a sale to the State for taxes during two of the years in question had the effect of interrupting the possession is not well-taken

*for the reason* that each of the said tax sales were redeemed within the time required by law, pending which time the State held only the inchoate title without the right of possession and subject to the right of redemption.'' (Italics ours.) In the instant case, the title of the State had matured for failure to redeem, and the statute of limitation could not again begin to run until the land became the subject of private ownership in 1938, less than ten years prior to the filing of this suit.

Reversed and remanded.