LEE *v.* LEE.

No. 41392          April 25, 1960          119 So. 2d 780

*Charles Herring*, Meadville; *Calvin B. Wells*, Natchez, for appellant.

*Brandon, Brandon, Hornsby & Handy,* Natchez; *Forman & Torrey,* Meadville, for appellee.

McGEHEE, C. J.

The appellant Mrs. Lois Lee, wife of Clyde Lee, sued her husband's father, the appellee Andrew Lee, for a personal injury sustained on account of the alleged reckless driving of Andrew Lee's automobile by the husband of the appellant, Clyde Lee. The suit was based on the theory that she was a guest in the car of Andrew Lee and that he permitted his son Clyde Lee to drive the car at a dangerous and excessive rate of speed and wrecked the same, causing the appellant to sustain her injuries.

It was the theory of the plaintiff that her father-in-law, the appellee Andrew Lee, had an insurance policy

which had been issued to him by the State Farm Mutual Auto Insurance Company and that this policy agreed to pay to anyone injured by the operation of the automobile as much as $500 to take care of medical, hospital and doctor's bills without regard to whether or not the insured was at fault in connection with the operation of the automobile; that this liability of as much as $500 was in addition to any liability that the insured may incur to another person for personal injuries caused by the negligent operation of the automobile.

The defendant pleaded in bar of the suit a release, compromise and settlement of any and all claims against the insured on account of the accident sustained by her on March 20, 1955. Thereupon the plaintiff set up matters in avoidance of the release and settlement on the ground that the insurance agent represented to her and to her husband that he wanted the papers signed in order that he might obtain a check from the company to take care of the hospital and doctor's bills, and that the signing of the release "wouldn't interfere with anything else" and that "this does not interfere with any final settlement."

The plaintiff filed a motion for a subpoena duces tecum against the defendant to require him to produce the policy of insurance for inspection, and for introduction in evidence should it be deemed necessary. The trial judge heard the plea in bar preliminary and denied the motion for a subpoena duces tecum.

When the defendant had testified and was later recalled to the witness stand as an adverse witness he stated that the policy was in the possession of his son Clyde Lee, husband of the plaintiff. But at that time the court had already ruled repeatedly that it would not go into any matter about the insurance policy except to let the witness state that he had a policy of insurance, and had already denied the motion for a subpoena duces tecum, and the judge then reiterated his ruling.

■■ It is true that the plaintiff didn't offer to introduce the policy in evidence after being advised that her husband, Clyde Lee, had the policy, but when this fact was developed the court had already made its ruling. The court was correct in holding that oral testimony was not competent to prove the terms and provisions of the policy, but we think that it was in error in denying the motion for the subpoena duces tecum.

The amount paid for the release was the sum of $500 and it was shown that the plaintiff did not receive any part of this sum for her own use and benefit, except that it paid off her medical, hospital and doctor's bills, but it is her theory of the case that there was no consideration for the release since the insurance company that issued the checks was already obligated to pay this expense without regard to whether the insured was negligent or not.

■■ For the error of the court in denying the motion for a subpoena duces tecum and in sustaining the plea in bar without allowing the plaintiff to inquire into the provisions of the policy as expressed by its own terms if produced for introduction, we think that the cause should be reversed and remanded and that the plaintiff should be permitted to develop her theory of the lawsuit by the introduction in evidence, if desired, of the insurance policy in question.

Reversed and remanded.

*Lee, Kyle, Ethridge* and *Gillespie, JJ.*, concur.