464 So.2d 69 (1985)
UNIVERSAL COMPUTER SERVICES, INC.
v.
Barry L. LYALL.
No. 55479.
Supreme Court of Mississippi.
February 13, 1985.
*71 Barry W. Gilmer, David L. Valentine, Gilmer & Jones, Jackson, for appellant.
Ronnie C. Dortch, Taylor, Covington, Smith & Matrick, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
Attachment in chancery of personalty is the subject matter of this appeal. Barry L. Lyall (Lyall) filed in the First Judicial District of Hinds County a bill for an attachment in chancery and a complaint for breach of contract against his employer, Universal Computer Services, Inc., a non-resident corporation. The chancellor granted judgment to Lyall, impressed a lien against Universal's automobile held by Lyall to satisfy the costs, judgment, and interest, and ordered the sheriff to sell the car in accordance with law. Upon motion of Universal for appeal with supersedeas, the trial court permitted such an appeal upon the posting of the required bond. The defendant/appellant then took possession of the auto under bond.
Appellant urges this Court to reverse the judgment below assigning that the chancery court committed error in:
(1) Applying the Mississippi Rules of Civil Procedure to attachment in chancery;
(2) Assuming jurisdiction of this cause of action;
(3) Admitting the Employment Agreement as an exhibit and permitting testimony regarding it; and
(4) Failing to recognize appellant's defense and counterclaim of setoff.

I.
Universal Computer Services, Inc. (Universal) is a non-resident corporation, incorporated under the laws of the State of Texas and qualified to do business in the State of Mississippi. It sells computer systems primarily to General Motors Auto dealership parts and service departments designed to facilitate parts inventory control, record on repair work, and inter-dealership inventory checks. Since September 24, 1981 Lyall was an employee of Universal as marketing representative who sold the computer systems on a salary and commission basis. In addition he had signed an "Employment Agreement," referred to herein as "Exhibit 2," covering duties of employment, non-competition restrictions, etc., but which did not cover remuneration of Lyall. Lyall was furnished use of a company automobile, the object of the attachment in this suit. Effective January 3, 1983 Lyall resigned from his employment and made demand upon Universal for commissions of $2,000 due him for sales for the corporation and salary of $400.00, totaling $2,400.00. According to Universal, the corporation owed Lyall only $9.42 and sent him a check in that amount in full satisfaction. Lyall refused the check and filed this suit for breach of contract and attachment in chancery. The attachment is sought against Lyall's company furnished automobile, a 1981 Chevrolet Chevette automobile.
Procedurally, the appellant/defendant was made a party by service of process by and through the Secretary of State under Miss. Code Ann. § 13-3-57 (Supp. 1982).[1] The complaint alleged that the parties had entered into a contract to be performed in whole or in part in this state and that the defendant by said actions had denominated the Secretary of State as his agent for process.
Attached to the complaint were several documents which were: (1) the sales plan for quote and commissions exhibited to all salesmen of Universal, later introduced as "Exhibit 2", (2) letter of resignation, (3) Employment Agreement, and (4) affidavit complying with Miss. Code Ann. § 11-31-2 *72 for an application for order of attachment in chancery.
A hearing before the chancellor was had on the attachment features of this suit and at this ex parte judicial hearing the plaintiff showed to the chancellor a need for attachment. The chancellor found in his order that the plaintiff's ability to recover his underlying claim may be significantly impaired or impeded without attachment, that the attached affidavit of plaintiff made out a prima facie case of the plaintiff's right to recovery from the defendant, that the plaintiff filed a bond of $2,400.00 properly conditioned in accord with the statute, and that attachment should issue on the automobile.
The process served on the Secretary of State on February 2, 1983, was properly noticed to Universal. Thereafter on February 9, Universal wrote the chancery clerk of Hinds County a letter seeking a "request for clarification" of the details of Mr. Lyall's claim in order to respond to process. On February 22, 1983, Universal wrote the clerk a letter, again asking the clerk for additional information. In this second letter Universal stated that "no additional compensation" was due Lyall and that as such, the company had responded in court as required to the Lyall claim. Additionally, within this letter, Universal stated that the 1981 Chevrolet Chevette "rightfully belonged to the company" and asked the clerk to see that all claims be declared null and void and the automobile released to it. Both letters reflected that a carbon copy of the letter was mailed to Lyall's attorney. A third letter to the clerk reiterated substantially the same message.
On March 7, 1983, docket of entry of default was filed by Lyall's attorney, and default entered by the clerk. A notice of setting of the case for trial was entered setting the case for May 24, 1983, and later continued to June 28. A motion for summary judgment was filed by Lyall's attorney pursuant to Rule 56, M.R.C.P. In the alternative, Plaintiff requested that the requests for admissions filed by the plaintiff under Rule 36 M.R.C.P., which the defendant failed to answer, be taken as admitted. On the appointed date, the chancellor entered summary judgment for the plaintiff Lyall. (These requests for admissions were later answered by Universal).
At this late time, Universal employed an attorney who filed a motion to set aside the summary judgment, which motion the trial court granted. As for defendant Universal's responsive pleading, Universal's attorney asked for and was granted permission to file an amended answer supplementing the informal and pro se letter response filed by Universal formerly. The amended answer of October 17, 1983 challenged the court's jurisdiction, denied Lyall's claim, and a set-off of $289.19 as expense advancement to Lyall. The answer admitted that the car rightfully belonged to the defendant.
A second amended answer was filed by Universal on December 1, 1983, and leave of the court to file same granted on December 5, 1983 before trial began on December 6, 1983. This second amended answer was sworn and omitted the allegation that the car rightfully belonged to the defendant, and denied that the car was in the possession of the plaintiff Lyall.

II.
Initially, a review of attachment in chancery would be of help as we proceed. Attachment in chancery is a statutory procedure set forth in Miss. Code Ann. § 11-31-1 et seq. (Supp. 1984) for the collection of debts against non-resident, absent or absconding debtors. One feature of our former attachment in chancery statute was held violative of the state law and of the Fourteenth Amendment to the United States Constitution, which guarantees against the taking of private property without due process of law. Mississippi Chemical Corp. v. Chemical Construction Corp., 444 F. Supp. 925 (S.D., Miss. 1977) (as to personalty); MPI, Inc. v. McCullough et al., 463 F. Supp. 887 (N.D.Miss. 1978) (as to realty). Thereafter, the Mississippi Legislature enacted amendments effective July 1, 1980 which provided judicial monitoring, *73 security in an amount satisfactory to the chancellor and an immediate post-seizure hearing for the defendant to satisfy the mandates of due process under both state and federal constitutions. See Adm'r. of Tulane Ed. Fund v. Cooley, 462 So.2d 696 (1984); Penrod Drilling Co. v. Bounds, 433 So.2d 916 (Miss. 1983); Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). See generally 52 Miss.L.J. 183 (1982).

III.
The numerous assignments made by the appellant appear to be summarized as follows: (A) are the new Mississippi Rules of Civil Procedure adopted January 1, 1982 applicable to an attachment in chancery proceeding, (B) was there subject matter jurisdiction of the chancery court present and (C) was the underlying claim of debt proved?

A.
As a threshold question here, this Court addresses whether Mississippi Rules of Civil Procedure, and specifically Rule 64, regulate the procedural aspects of an attachment suit. Rule 64, MRCP provides in part:
SEIZURE OF PERSON OR PROPERTY
At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by law. These remedies include attachment, ...
The official comment thereunder provides in part:
The unpredictability of substantive elements of law applicable to seizures of persons or property as security for satisfying a judgment that ultimately may be entered, due to recent opinions of the Supreme Court of the United States, renders it impractical at this time to draft a comprehensive procedural rule governing this area; see, e.g., Sniadach v. Family Finance Corp., 395 U.S. 337 [89 S.Ct. 1820, 23 L.Ed.2d 349] (1969); Fuentes v. Shevin, 407 U.S. 67 [92 S.Ct. 1983, 32 L.Ed.2d 556] (1972); and Mitchell v. W.T. Grant Co., 416 U.S. 600 [94 S.Ct. 1895, 40 L.Ed.2d 406] (1974). It is intended that a comprehensive rule governing such procedure be drafted in the future as the substantive law stabilizes.
Accordingly, Rule 64 provides that the provisional remedies available under Mississippi law for the seizure of persons or property as security for satisfying a judgment that ultimately may be entered in a civil action continue to be available under the MRCP. Those remedies are to be resorted to in accordance with statutory law; see e.g., ... § 11-31-1 et seq. (attachment in chancery); ...
Analogous to the question presented here was a similar question relating to garnishment proceeding. This Court held garnishment to be a proceeding in the nature of a civil action subject to the rulemaking power of the court and the Mississippi Rules of Civil Procedure and specifically Rule 64 M.R.C.P. First Mississippi National Bank v. KLH Industries, 457 So.2d 1333, 1334 (Miss. 1984). The case sub judice is controlled by this opinion. Therefore, this Court holds that the procedural rules by which a party seeks an attachment in chancery are those provided by our attachment in chancery statutes, section 11-31-1 et seq. (Supp. 1984) "supplemented only by so much of the Mississippi Rules of Civil Procedure as may be found not inconsistent with the procedures prescribed in such statutes." First Mississippi National Bank v. KLH Industries, supra at 1338. See also, Admr. of Tulane Ed. Fund v. Cooley, 462 So.2d 696 (1984).
Attachment in chancery is an adversary proceeding conducted under highly specialized rules designed to protect due process rights to private property. These special statutes found in section 11-31-1 et seq. (Supp. 1984) are unique practices with specific statutory procedures which are to *74 be followed. Rule 64 MRCP recognizes this fact. Nor does Rule 81, MRCP entitled Applicability of the Rules, exclude attachment in chancery proceedings from the rules. This Court holds that the specific statutory procedures of section 11-31-1 et seq. are applicable under Rule 64, but makes the Mississippi Rules of Civil Procedure applicable otherwise.
There was no error in the chancellor's ruling on this matter.

B.
This Court next addresses the question of subject matter jurisdiction, which appellant attacks on three grounds.[2]
Appellant maintains that since attachment is a quasi in rem proceeding, subject matter jurisdiction of the court to act is predicated upon "effects of" or "indebtednesses" of the defendant being brought into court and ownership thereof proven. The res here is the automobile, and Universal's first contention is that ownership of the car was not alleged or proved.
In reviewing the pleading, Lyall's complaint prayed that the court attach "the effects of or indebtedness to said non-resident... in the hands of the plaintiff, one 1981 Chevrolet Chevette automobile ..." Having determined the applicability of Miss.Rules of Civil Procedure, we note Rule 8 sets forth the general rules of pleading to "set forth a claim for relief ... [which] shall contain (1) a short and plain statement ... showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." The comment thereunder states "the purpose of Rule 8 is to give notice, not to state facts and narrow the issues as was the purpose of pleading in prior Mississippi practice." See Witt v. Mitchell, 437 So.2d 63, 67 (Miss. 1983) (Robertson, J., specially concurring). Clearly, the allegation of ownership here is sufficient to put the defendant on notice.
In response to that allegation of the "effects of ... the non-resident [Universal] ... one 1981 Chevrolet Chevette automobile", the defendant pled differently in the first three letters and its first answer asserted ownership and entitlement to possession. The second amended answer was filed, which neither admitted or denied ownership. Under Rule 15(c) MRCP the amendment relates back to the date of the original pleading when the "defense asserted arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Thus it appears that Universal could change by amendment its admission of ownership with leave of the court as here.
However, neither in its second amended answer nor during the trial did the court ascertain whether Universal admitted or denied ownership. This stance brings into play Rule 8(d) MRCP, which states: "Averments in a pleading to which a responsive pleading is required, ... are admitted when not denied in the responsive pleading ..." and may be treated for purposes of trial as established facts that need not be "reproved".
Having failed to deny ownership, Universal's position cannot be maintained. In addition, however, the plaintiff's counsel and trial judge were surprised by the motion to dismiss on these grounds and the inconsistency of positions. The court permitted a reopening of the plaintiff's case to receive proof of ownership. This was permissible in his discretion.
In Hamilton v. McGill, 352 So.2d 825 (Miss. 1977) the Court stated:
It is well established that a chancery court has the authority to reopen a case for additional proof. In President of the Planters Bank of the State of Mississippi v. Courtney, S. & M. Chapter 40 (Miss. 1843), the case was remanded to the docket for further proof and it was *75 declared that a similar discretion had been exercised by English chancellors where some point in the case was left unproved or not sufficiently explained.
In Griffith, Mississippi Chancery Practice, § 595, pp. 631-632 (2d ed. 1950), it is said: ... [I]t has long been the settled rule in our courts of equity that where on a final hearing or even after submission it is clearly received that some material point is either left unproved or the explanation of it is insufficient, the chancellor has a discretion in the interest of justice and merits to remand it to the docket for further proof... .
See Cotten v. Cotten, 203 Miss. 316, 35 So.2d 61 (1948).
352 So.2d at 830-831. Ownership of the auto was pled and proven and, therefore, appellant's first jurisdictional challenge is without merit.

C.
Subject matter jurisdiction is attacked for the second reason that the action failed to join as a party defendant "persons in the state who have in their hands effects of ... such non-resident ..." Miss. Code Ann. § 11-31-1 (Supp. 1984). The plaintiff in his complaint stated he had possession of the "effects" of the non-resident defendant. The defendant contends that the resident person who holds the "effects" must be a party-defendant, but that the plaintiff cannot be both a plaintiff and defendant in the same suit. He concludes, therefore, that subject matter jurisdiction is defeated for lack of a resident defendant who holds the property.
Miss. Code Ann. § 11-31-1 states as follows as to jurisdiction:
The chancery court shall have jurisdiction of attachment suits based upon demands founded upon any indebtedness, whether the same be legal or equitable, or for the recovery of damages for the breach of any contract, express or implied, or arising ex delicto against any nonresident, absent or absconding debtor, who has lands and tenements within this state, or against any such debtor and persons in this state who have in their hands effects of, or are indebted to, such nonresident, absent or absconding debtor.
The chancellor interpreted the statute to confer jurisdiction where, as in this case, the person seeking attachment is also the person holding the "effects" of the non-resident debtor, notwithstanding the designation of the parties. This Court adopts this interpretation of the trial judge.

D.
The appellant challenges subject matter jurisdiction lastly on the ground that there was no detailed statement of the facts and grounds which entitles the appellee to an order of attachment as required by Miss. Code Ann. § 11-31-2, (Supp. 1984). We fail to see how the point relates to subject matter jurisdiction, but we will consider it in that Rule 64 does require that the procedural requirements of the statute be met.
This statute provides that an affidavit shall be filed with the bill of complaint if an attachment is sought containing "a detailed statement of the facts and grounds which entitle the complainant to an order of attachment including a statement of the specific reasons why the complainant's ability to recover the amount of his claim may be endangered or impeded if the order of attachment is not issued." Miss. Code Ann. § 11-31-2(1)(b) (Supp. 1984).
This Court has read the allegations contained within the affidavit and complaint and find them to contain such a detailed statement of specific reason for endanger to the claim.
The Court properly found subject matter jurisdiction.

IV.
The remaining arguments address proof of the underlying claim of the appellee to the debt.

A.
In part the appellant attacks the introduction of documents attached to the complaint, *76 i.e., an employment contract, and sales plan modification.
The error assigned by appellant is that it was improper for the chancellor to admit evidence tending to prove the existence of an employment agreement in lieu of the employment agreement itself. Appellant complains that:
(1) The employment agreement offered by complainant was not signed by defendant;
(2) Plaintiff offered no reason why the executed agreement was not available;
(3) The original was not sought through discovery;
(4) The tendered employment agreement and other proof thereof was not the best evidence;
(5) There was no allegation of fraud or mistake which would allow circumvention of the rule that the document itself must be produced; and
(6) The employment agreement was not properly before the court by the pleadings since there was a failure to plead breach of contract.
It is well settled that the "best evidence" rule applies in Mississippi. In the case of Casey v. Valentour, 218 So.2d 863 (Miss. 1969) the Court stated:
Ordinarily, the contents of documents or records cannot properly be shown except by introducing the document itself, which is the best evidence.
See also Lee v. Lee, 119 So.2d 780, 238 Miss. 643 (1960); Noble v. Logan Dees Chevrolet-Buick Inc., 293 So.2d 14 (Miss. 1974).
However, the employment contract only related to duties of employment, non-competition clauses, etc. It did not address salary or commission, which is the issue of this lawsuit. Further it says nothing about the commissions to be paid to employees of Universal. It therefore follows that the employment agreement is not the entire contract between the parties and therefore the chancellor was correct in admitting other evidence to evince the total agreement. This evidence included the submitted sales plan modification which as testified by the complainant was handed out to each sales person by a company representative. We find no denial of the fact of employment of the appellee by the appellant in his answer, but an admission. Although not the best evidence of the document, its introduction in this case was not error. Nor was the admission of computer print off of the modification to the sales plan arrangement of the appellant error.
In his last assignment of error, appellant argues that the court did not recognize the affirmative defenses pled and was therefore in error. These affirmative defenses included certain setoffs brought out in the complainant's case in chief. The chancellor found as a matter of fact and law that the appellant was not entitled to any setoff due to the fact that the appellant did not appear and present any testimony to prove that the appellant was entitled to any diminution of amounts due appellee. Appellant asserts that it was not required to submit additional proof as to the affirmative defense of setoff given the fact that appellee admitted certain sums owed to UCS as reimbursement. That statement overlooks other evidence in the record where Universal admitted owing Lyall at least $320.00 call commission or salary. The chancellor made a finding of fact with evidentiary basis in the record. We give deference to that fact finding when supported and hold that the denial of setoff was not against the overwhelming weight of the evidence.
Finding no error, the judgment of the chancery court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Section 13-3-57 provides for service of process when defendant is non-resident of the State of Mississippi doing business in the state by service on the Secretary of State. The doing of business within the state shall be deemed equivalent to the appointment by such non-resident of the Secretary of State as agent for service of process and shall have the same legal force and validity as if served on him personally.
[2] We note that the appellant, having voluntarily entered appearance personally and by pleading, does not attack in personam jurisdiction.