# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-IA-00895-SCT

*FRANKLIN COLLECTION SERVICE, INC.*

*v.*

*BANCORPSOUTH BANK*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/2017 |
| TRIAL JUDGE: | HON. JAMES SETH ANDREW POUNDS |
| TRIAL COURT ATTORNEYS: | CLAUDE F. CLAYTON, JR. |
| | WILLIAM HULL DAVIS, JR. |
| | DANA G. DEARMAN |
| | J. PATRICK CALDWELL |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DANA G. DEARMAN |
| | CLAUDE F. CLAYTON, JR. |
| | WILLIAM HULL DAVIS, JR. |
| ATTORNEYS FOR APPELLEE: | J. PATRICK CALDWELL |
| | DAVID K. HAADSMA |
| NATURE OF THE CASE: | CIVIL |
| DISPOSITION: | AFFIRMED IN PART; REVERSED IN PART; AND REMANDED - 05/23/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2017-IA-00900-SCT

*FRANKLIN COLLECTION SERVICE, INC.*

*v.*

*BANCORPSOUTH BANK*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/2017 |
| TRIAL JUDGE: | HON. JAMES SETH ANDREW POUNDS |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |

ATTORNEYS FOR APPELLANT:      CLAUDE F. CLAYTON, JR.
                              DANA G. DEARMAN
                              WILLIAM HULL DAVIS, JR.
ATTORNEYS FOR APPELLEE:       J. PATRICK CALDWELL
                              DAVID K. HAADSMA
NATURE OF THE CASE:           CIVIL
DISPOSITION:                  AFFIRMED IN PART; REVERSED IN
                              PART; AND REMANDED - 05/23/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**CONSOLIDATED WITH**

**NO. 2017-IA-00905-SCT**

*BANCORPSOUTH BANK*

*v.*

*FRANKLIN COLLECTION SERVICE, INC.*

DATE OF JUDGMENT:             06/08/2017
TRIAL JUDGE:                  HON. JAMES SETH ANDREW POUNDS
COURT FROM WHICH APPEALED:    LEE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:      J. PATRICK CALDWELL
                              DAVID K. HAADSMA
ATTORNEYS FOR APPELLEE:       CLAUDE F. CLAYTON, JR.
                              DANA G. DEARMAN
                              WILLIAM HULL DAVIS, JR.
NATURE OF THE CASE:           CIVIL
DISPOSITION:                  AFFIRMED IN PART; REVERSED IN PART;
                              AND REMANDED - 05/23/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     This case involves three consolidated interlocutory appeals. Each appeal arises from

litigation filed by Franklin Collection Service, Inc. (Franklin), against BancorpSouth Bank

2

(BancorpSouth).

¶2.    Franklin and BancorpSouth had been in litigation for approximately forty months. After Franklin determined that BancorpSouth had failed to file a responsive pleading to the second amended complaint, Franklin applied for and obtained an entry of default by the clerk. Franklin also filed a motion to deem admitted the allegations of the second amended complaint. BancorpSouth then filed a motion to set aside the entry of default and a motion for leave to file a responsive pleading to the second amended complaint.

¶3.    The trial court heard each motion and decided to deny Franklin's motion to deem admitted the allegations of the second amended complaint; to grant BancorpSouth's motion for leave to file a responsive pleading to the second amended complaint; and to deny BancorpSouth's motion to set aside the entry of default. We affirm in part, we reverse in part, and we remand.

### FACTS AND PROCEDURAL HISTORY

¶4.    Franklin is a debt-collection company located in Tupelo. As part of its operations, Franklin maintained a number of bank accounts, including its general operating account, at BancorpSouth. Each business day, a large number of checks passed through Franklin's operating account. Because of the nature of its collection business, Franklin deposited into its operating account many checks from debtors that bounced. Instead of returning checks that Franklin wrote against insufficient funds, BancorpSouth routinely paid the checks into overdraft. These payments resulted in service charges to the operating account. From March 28, 2006, to December 31, 2008, Franklin incurred total overdraft charges in excess of

3

$600,000.[1]

¶5.     Franklin demanded reimbursement of the overdraft fees, but BancorpSouth refused. As a result, Franklin filed its first amended complaint against BancorpSouth in March 2010.[2] In its first amended complaint, Franklin alleged that "from 2006 through 2008, BancorpSouth[] charged Franklin excessive amounts of overdraft fees through practices which were neither fair to Franklin nor adequately disclosed to Franklin in [a]ccount documents." Franklin further alleged that BancorpSouth "imposed excessive and wrongful overdraft fees against Franklin by the artificial manipulation of the order in which checks presented for payment on Franklin's [operating] [a]ccount were paid." Franklin asserted various causes of action against BancorpSouth, including breach of contract and negligence. BancorpSouth timely responded to the first amended complaint and asserted forty-three affirmative defenses.

¶6.     In November 2012, Franklin filed a motion for leave to file a second amended complaint. Franklin sought to remove the claim for negligent hiring, retention, and supervision, and to assert a new claim for breach of fiduciary duty. On June 6, 2013, the motion was granted, and Franklin's second amended complaint was filed. It is undisputed that BancorpSouth did not timely file an answer to the second amended complaint. Nevertheless, the parties continued to actively litigate the case for more than three years.

---

[1] $113,000 in 2006; $291,000 in 2007; and $209,000 in 2008.

[2] Franklin's accounting firm, Lindsey Davis and Associates, CPAs, P.A., was the only defendant named in the original complaint. BancorpSouth was added as a defendant in the first amended complaint.

¶7. On September 1, 2016, BancorpSouth filed a motion for summary judgment based on thirteen of the defenses asserted in its answer to the first amended complaint. Franklin filed its response to the motion for summary judgment on October 14, 2016. That same day, Franklin filed a motion to deem admitted the allegations of the second amended complaint and an application for an entry of default by the court. The application was hand delivered to the circuit clerk's office. Default was entered by the clerk on October 14, 2016. Franklin then moved for default judgment.

¶8. In response, on October 21, 2016, BancorpSouth filed a motion to set aside the entry of default. Thereafter, on November 15, 2016, BancorpSouth filed a motion for leave to file a responsive pleading to the second amended complaint and attached to the motion its proposed answer and defenses.

¶9. Following a hearing on the various motions, the trial court denied Franklin's motion for default judgment, denied Franklin's motion to deem admitted the allegations of the second amended complaint, granted BancorpSouth's motion for leave to file an answer to the second amended complaint, and denied BancorpSouth's motion to set aside the entry of default. Separate orders were subsequently entered. On April 13, 2017, BancorpSouth filed its answer and defenses to Franklin's second amended complaint.

¶10. Franklin filed two separate petitions for interlocutory appeal: one from the trial court's denial of the motion to deem admitted the allegations of the second amended complaint, No. 2017-IA-00895-SCT, and one from the trial court's grant of BancorpSouth's motion to file a responsive pleading to the second amended complaint, No. 2017-IA-00900-SCT.

5

BancorpSouth filed a petition for interlocutory appeal from the denial of its motion to set aside the entry of default, No. 2017-IA-00905-SCT. This Court granted all three petitions and consolidated the appeals. BancorpSouth's appeal was designated a cross-appeal. We first address BancorpSouth's cross-appeal.

## DISCUSSION

I.     *Whether the trial court's denial of BancorpSouth's motion to set aside the entry of default was error.*

¶11.   BancorpSouth argues that the trial court erred in denying its motion to set aside the entry of default. We review a trial court's grant or denial of a motion to set aside an entry of default for abuse of discretion. *Tucker v. Williams*, 198 So. 3d 299, 309 (Miss. 2016).

¶12.   The trial court found that default "was properly entered by the clerk." In an effort to clarify, the court stated, "I'm not setting the clerk's entry of default aside, I'm just not granting a default judgment based on that entry of default."

¶13.   In *Tucker*, this Court discussed the "interrelated" standards for setting aside entries of default and default judgments. *Id.* at 308. An entry of default may be set aside for "good cause shown" under Mississippi Rule of Civil Procedure 55(c). *Id.* at 309 (quoting M.R.C.P. 55(c)). On the other hand, to set aside a default judgment requires one of the more compelling reasons enumerated in Mississippi Rule of Civil Procedure 60(b). *Id.*

¶14.   "Good cause" is shown when the moving party provides an explanation for the default or gives reasons why setting aside the entry of default would serve the interests of justice. *Id.* at 310.

   "Any of the reasons sufficient to justify the vacation of a default judgment

6

under Rule 60(b) normally will justify relief from a default entry and in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment. . . ." Thus, when considering whether the trial court abused its discretion by failing to set aside an entry of default, the Court considers [(1)] the nature and legitimacy of the explanation for the default, [(2)] whether there is a colorable defense to the claim, and [(3)] the extent of prejudice to the plaintiff if the default is set aside. When reviewing the trial court's refusal to set aside an entry of default, the Court applies a more liberal standard to its consideration of these factors than it applies when reviewing a default judgment.

*Id.* (internal quotation marks omitted) (citations omitted).

### 1. The Nature and Legitimacy of BancorpSouth's Explanation for the Default

¶15.    BancorpSouth asserts its counsel has "no record of having received the order granting leave to file the second amended complaint." Yet BancorpSouth admittedly received the second amended complaint and referenced the second amended complaint in its motion for summary judgment.

¶16.    Franklin asserts, "the reason for [BancorpSouth's] default can only be characterized as inadvertence of counsel," which is insufficient to establish good cause. *See **Stanford v. Parker***, 822 So. 2d 886, 889 (Miss. 2002) ("simple inadvertence, mistake of counsel, and failure to follow up" do not amount to good cause). Franklin argues BancorpSouth "has not and cannot show good cause for its default" and is therefore entitled to no relief from the entry of default under Rule 55(c).

¶17.    Yet "this Court has not interpreted the 'good cause' requirement of Rule 55© so narrowly." ***Tucker***, 198 So. 3d at 311. "Rather, we have held that a default entry may be vacated for good cause or in the interests of justice, and that the same three factors

considered under Rule 60(b) are relevant to a consideration of whether to set aside an entry of default." *Id.* (citing *Windmon v. Marshall*, 926 So. 2d 867, 871 (Miss. 2006)). Thus, even though BancorpSouth has failed to present a persuasive explanation for its failure to answer the second amended complaint, the entry of default may still be set aside if the remaining factors are present and favor BancorpSouth. *See Allstate Ins. Co. v. Green*, 794 So. 2d 170, 174 (Miss. 2001) (This Court held that an entry of default should have been set aside due to the existence of a colorable defense even though the defendant failed to present a persuasive reason for its failure to answer.).

### 2. *BancorpSouth's Colorable Defenses*

¶18. The second factor of the balancing test asks whether BancorpSouth has colorable defenses to the merits of Franklin's claims. "[I]f any one of the three factors in the balancing test outweighs the other in importance, this is the one." *Tucker*, 198 So. 3d at 312 (quoting *Am. States Ins. Co. v. Rogillio*, 10 So. 3d 463, 469 (Miss. 2009)). "'Colorable' is defined as 'appearing to be true, valid, or right.'" *Tucker*, 198 So. 3d at 312 (emphasis removed) (quoting *Woodruff v. Thames*, 143 So. 3d 546, 553 (Miss. 2014)). "A colorable defense is one that reasonably may be asserted, given the facts of the case and the current law." *Id.* (citing *Woodruff*, 143 So. 3d at 553). "A defense need not be compelling, be proven to trial standards, or be supported by sworn evidence in order to qualify as a 'colorable defense.'" *Id.* (citing *Woodruff*, 143 So. 3d at 553). "Rather, the defense must be a reasonable one." *Id.* (citing *Woodruff*, 143 So. 3d at 553). "[E]ven a defense of 'questionable' strength may be colorable." *Id.* (citing *Woodruff*, 143 So. 3d at 553).

8

¶19. The trial court found BancorpSouth presented colorable defenses to Franklin's claims. We agree. BancorpSouth's defenses include: (a) notice to Franklin of the overdraft charges, (b) the applicable three-year statute of limitations, and (c) BancorpSouth's authorized banking practices.

### *a.* *Notice to Franklin of the Overdraft Charges*

¶20. As part of its negligence claim, Franklin alleges BancorpSouth breached its duty to Franklin by failing to advise Franklin's chief financial officer, Jeff Boyd, of the overdraft fees. Franklin also alleges BancorpSouth "should have taken further steps to notify [its president and chief executive officer,] Dan [Franklin,] who would have stopped the overdrafts from continuing to occur." Franklin claims that in failing to do so, BancorpSouth "breached its duty to Franklin, thereby proximately causing monetary damages to Franklin."

¶21. In response, BancorpSouth relies on various notices it provided to Franklin at Franklin's official mailing address. BancorpSouth asserts it provided written notice to Franklin on each banking day that Franklin's operating account was overdrawn. The record shows that beginning in March 2006, daily written notices were provided to Franklin and advised as follows:

NOTICE OF CHARGE FOR OVERDRAWN ACCOUNT

THE ITEMS LISTED BELOW WERE PRESENTED FOR PAYMENT. OUR RECORDS INDICATE THAT FUNDS WERE INSUFFICIENT TO PAY THESE ITEMS. THE ITEMS WERE PAID AND THE CHARGES INDICATED BELOW WERE ASSESSED TO COVER THE COSTS OF HANDLING. PLEASE ADJUST YOUR CHECKBOOK AND DEPOSIT FUNDS TO COVER THESE ITEMS.

¶22. Additionally, BancorpSouth provided monthly bank statements to Franklin that

9

detailed the overdraft charges.

¶23. During his deposition, Mr. Franklin did not dispute Franklin's receipt of the daily notices and monthly bank statements. Mr. Franklin acknowledged that these documents would have been received by Boyd and ultimately placed in binders in Boyd's office. Mr. Franklin testified that it was Boyd's responsibility as CFO to "adjust [Franklin's] checkbook and deposit funds to cover these items." Mr. Franklin admitted that he did not monitor Boyd but, instead, relied on him and trusted his judgment.

¶24. Boyd testified that overdrafts were an issue at Franklin from day one of his employment in 2001. Moreover, Boyd testified that Mr. Franklin had access to the binders in his office and could have looked at the daily notices and/or monthly bank statements "any day he would have wanted to."

¶25. "[A] corporation only acts through its officers and agents, and the knowledge possessed by the highest executive officer of the corporation, who acts for the corporation in the transaction, is either the notice or knowledge of the corporation itself." *Anderson v. Yates*, 135 Miss. 110, 99 So. 499, 500 (Miss. 1924) (internal quotation marks omitted) (quoting *First Nat'l Bank of Morristown, Tenn. v. C.W. Leeton & Bro.*, 131 Miss. 324, 95 So. 445, 445 (Miss. 1923)). "[I]t has long been the rule that 'a corporation is bound by the knowledge acquired by, or notice given to, its officers or agents which is within the actual or apparent scope of their authority or employment and which is in reference to a matter to which their authority extends.'" *Parmes v. Ill. Cent. Gulf R.R.*, 440 So. 2d 261, 265 (Miss. 1983) (quoting 19 Am. Jur. 2d *Corporations* § 1263, at 669 (1967)).

10

¶26. Here, both Mr. Franklin and Boyd, as corporate officers, had the authority to handle and manage all matters associated with Franklin's checking accounts, deposits, and related services. The record reflects that both Mr. Franklin and Boyd either received or had access to the daily notices and monthly bank statements from BancorpSouth, thereby putting Franklin on notice of the overdraft charges. Accordingly, this Court finds that BancorpSouth has presented a reasonable, colorable defense on the merits regarding Franklin's knowledge of the overdraft charges and whether BancorpSouth breached its duty to Franklin.

### b. Statute of Limitations

¶27. Franklin filed its first amended complaint against BancorpSouth on March 5, 2010, seeking damages for the "excessive amount of overdraft fees" from March 28, 2006, to December 31, 2008. As previously discussed, BancorpSouth asserts Franklin knew or reasonably should have known of the overdraft charges due to the daily notices and monthly bank statements. BancorpSouth therefore argues that "a significant portion of [Franklin]'s claimed damages are now undeniably time barred by . . . Miss[issippi] Code Ann[otated] [Section] 15-1-49 and/or Miss[issippi] Code Ann[otated] [Section] 75-4-111."

¶28. Both Mississippi Code Sections 15-1-49 and 75-4-111 provide a three-year statute of limitations after the cause of action accrues. Miss. Code Ann. §§ 15-1-49 (Rev. 2012), 75-4-111 (Rev. 2016). In *Pate v. Conseco Life Insurance Co.*, 971 So. 2d 593, 597 (Miss. 2008), this Court found that Pate's breach-of-contract claim regarding an increased insurance premium accrued at the time the insurance premium was first increased.

¶29. Here, the daily notices and monthly bank statements reflecting the overdraft charges

11

were mailed to Franklin beginning in March 2006. Thus, this Court finds that BancorpSouth has presented a reasonable, colorable defense on the merits regarding Franklin's notice of the overdraft charges and whether "a significant portion" of Franklin's claims are now time-barred by the applicable three-year statute of limitations.

### c. *BancorpSouth's Banking Practices*

¶30. Franklin asserts that the posting order used by BancorpSouth caused it to pay excessive and wrongful overdraft fees. Specifically, Franklin asserts BancorpSouth "rearranged the order of payment of Franklin checks to cause the checks to be paid in descending order, from largest to smallest." Yet, as noted by BancorpSouth, the Uniform Commercial Code provides banks with the authority to determine the order in which a bank will post transactions to customer accounts. "[I]tems may be accepted, paid, certified, or charged to the indicated account of [the Bank's] customer in any order." U.C.C. § 4-303(b) (Am. Law Inst. & Unif. Law Comm'n 2018); Miss. Code Ann. § 75-4-303(b) (Rev. 2016). Accordingly, this Court finds BancorpSouth has presented a reasonable, colorable defense on the merits regarding its banking practices and whether those practices breached the deposit agreement and/or violated the implied covenant of good faith and fair dealing.

¶31. While this Court does not decide the ultimate efficiency of BancorpSouth's defenses, the defenses are nevertheless colorable at this time. Therefore, the colorable-defense factor favors BancorpSouth.

### 3. *The Extent of Prejudice to Franklin if the Default is Set Aside*

¶32. The extent of prejudice to the opposing party is a relevant consideration when ruling

on a motion to set aside an entry of default. *Tucker*, 198 So. 3d at 316. Franklin asserts it would suffer prejudice were the default set aside because one of its expert witnesses, Dr. William Staats, has become too ill to testify live at trial. However, the record shows that any prejudice to Franklin as a result of Dr. Staats's unavailability is due to Franklin's inaction, not BancorpSouth's.

¶33. Franklin designated Dr. Staats as its expert witness on June 1, 2012. On March 12, 2013, BancorpSouth took Dr. Staats's deposition. Franklin attended the deposition and had the opportunity to examine Dr. Staats but declined. Following the designation in 2012, Franklin did not depose Dr. Staats. More than four years later, in October 2016, Franklin learned that Dr. Staats had been diagnosed with Alzheimer's disease in 2014 and would be unable to testify.

¶34. The record reflects that Franklin had the opportunity to depose Dr. Staats. Yet Franklin chose not to examine Dr. Staats during the deposition conducted by BancorpSouth and did not separately depose Dr. Staats. Thus, even if BancorpSouth had timely filed its answer to the second amended complaint in 2013, Franklin would still be in the same position with regard to its trial expert.

¶35. Franklin further asserts it would suffer prejudice if the default was set aside due to the "passage of time." But, as the trial court noted, Franklin "waited several years" to seek an entry of default and a default judgment.[3] The record reflects that both parties continued to litigate for more than three years under the assumption that an answer to the second amended

---

[3] The second amended complaint was filed June 6, 2013. Franklin did not seek an entry of default until October 14, 2016.

complaint had been filed.[4] Not until October 2016, after BancorpSouth moved for summary judgment, did Franklin apply for an entry of default.

¶36. Additionally, at Franklin's request, the scheduling order was amended five times beginning in October 2012 through May 2016. Thus, as the trial court properly found, "[a] lot of the delay [was] caused by [Franklin]." Accordingly, this factor favors BancorpSouth.

¶37. Two of the three factors, colorable defenses and prejudice, weigh in favor of BancorpSouth and, therefore, in favor of setting aside the entry of default. Any "[d]oubts should be resolved in favor of 'opening the judgment and hearing the case on its merits.'" *Tucker*, 198 So. 3d at 317 (quoting *Rogillio*, 10 So. 3d at 467). Considering the liberal standard applicable to a motion to set aside an entry of default, BancorpSouth's presentation of colorable defenses, and the limited prejudice that Franklin would suffer were the entry of default set aside, this Court finds that the trial court abused its discretion in failing to set aside the entry of default. As a result, we reverse the trial court's interlocutory order at issue in BancorpSouth's cross-appeal and remand the case, No. 2017-IA-00905-SCT, for further proceedings.

II. *Franklin's Interlocutory Appeal*

¶38. Franklin asserts two issues on interlocutory appeal: (1) whether the trial court erred

---

[4] The following actions occurred between the filing of the second amended complaint and the clerk's entry of default: Franklin's motion to amend scheduling order; Franklin's notice of deposition; fourth amended scheduling order; agreed order suspending deadlines previously set in the fourth amended scheduling order; *four* re-notices of deposition filed by Franklin; fifth amended scheduling order; BancorpSouth's motion for summary judgment; agreed order allowing Franklin additional time to respond to BancorpSouth's motion for summary judgment; agreed order setting trial; Franklin's response to BancorpSouth's motion for summary judgment; and Franklin's application for entry of default.

14

in denying its motion to deem admitted the allegations of the second amended complaint and (2) whether the trial court erred in granting BancorpSouth's motion to file an answer and defenses to the second amended complaint. We separately address each issue, but the standard of review is the same.

¶39. "[T]he filing of various pleadings and motions in civil cases [is] governed . . . by our rules of civil procedure, uniform rules, statutes, and trial court orders . . . ." *City of Jackson v. Presley*, 942 So. 2d 777, 781 (Miss. 2006). "Our trial judges are afforded considerable discretion in managing the pretrial discovery process in their courts. . . ." *Id.* (quoting *Bowie v. Montfort Jones Mem'l Hosp.*, 861 So. 2d 1037, 1042 (Miss. 2003)). Thus, this Court reviews a trial court's ruling on pretrial discovery matters for an abuse of discretion. *Id.* ("[W]e will review the trial judge's striking of the City's four-year late answer and affirmative defenses to the amended complaint applying an abuse of discretion standard."). However, questions of law are reviewed de novo. *Veal v. J.P. Morgan Trust Co.*, 955 So. 2d 843, 845 (Miss. 2007).

> A. *Whether the trial court erred in denying Franklin's motion to deem admitted the allegations of the second amended complaint.*

¶40. Franklin first argues the trial court erred in denying its motion to deem admitted the allegations of the second amended complaint. Franklin relies on Mississippi Rules of Civil Procedure 8(d) and 55(a).

> 1. *Rule 8(d)*

¶41. Under Rule 8(d), "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the

15

responsive pleading." M.R.C.P. 8(d). Franklin asserts that because BancorpSouth failed to answer the second amended complaint, it failed to deny any of its averments. As a result, Franklin argues that "every averment of Franklin's [s]econd [a]mended [c]omplaint, except those as to damages, [was] admitted on June 18, 2013, by automatic operation of Rule 8(d)." Franklin relies on *Universal Computer Services, Inc. v. Lyall*, 464 So. 2d 69 (Miss. 1985). But *Lyall* is distinguishable from the instant case.

¶42. In *Lyall*, this Court found under Rule 8(d) that the defendant's position regarding ownership of a vehicle could not be maintained because the defendant failed to deny ownership. *Id.* at 74. In other words, the Court applied Rule 8(d) because the defendant failed to deny the *single* allegation of ownership. Here, Franklin does not seek to admit certain allegations of the second amended complaint. Instead, Franklin seeks to utilize Rule 8(d) to admit *all* allegations of the second amended complaint as a result of BancorpSouth's failure to answer. According to Franklin, Rule 8(d) mandates that all allegations of the second amended complaint stand forever admitted from the moment the response deadline passes, leaving a hearing on damages as the trial court's only remaining task. This Court disagrees and finds Franklin's interpretation and application of Rule 8(d) to be misplaced.

¶43. Franklin reads Rule 8(d) in isolation, without considering other procedural rules, including Mississippi Rule of Civil Procedure 55. Rule 55, which governs default, applies specifically to situations in which the defendant fails to answer. M.R.C.P. 55(a). Unlike Rule 8(d), Rule 55 affords relief to a party for its failure to answer. M.R.C.P. 55(c). Under Rule 55(c), the trial court has the discretion to set aside an entry of default. M.R.C.P. 55(c).

16

If we read Rule 8(d) in the manner suggested by Franklin, Rule 55 would be meaningless. Based on Franklin's isolated read, even were an entry of default set aside under Rule 55(c), such action would serve no purpose, because, under Rule 8(d), the allegations of the second amended complaint would stand admitted. While this Court has not specifically addressed Franklin's position, other jurisdictions have and have determined that a party's failure to timely answer is best addressed by Rule 55.

¶44. In *Perez v. Wells Fargo*, 774 F.3d 1329, 1333 (11th Cir. 2014), Perez failed to respond to Wells Fargo's counterclaim. As a result, Wells Fargo moved for judgment on the pleadings and argued that the court should deem admitted all allegations of the counterclaim. *Id.* Perez filed a response to Wells Fargo's motion and requested leave to file an out-of-time answer to the counterclaim. *Id.* The trial court granted Wells Fargo's motion for judgment on the pleadings, "effectively entering what amounted to a default judgment against Perez." *Id.* at 1332.

¶45. On appeal, the court considered "whether, despite her one-time error in not responding to a pleading, [Perez] should get the opportunity to have her case considered on the merits before final judgment against her is entered." *Id.* at 1331 (alteration in original). The court noted

> A rose is a rose is a rose is a rose. And a motion for an entry of default judgment is a motion for an entry of default judgment is a motion for an entry of default judgment is a motion for an entry of default judgment—even if its writer calls it a motion for judgment on the pleadings.

*Id.* (internal quotation marks omitted) (citation omitted).

¶46. The court found that Rule 55, which governs default, not a motion for judgment on

17

the pleadings under Rule 8(d), was the appropriate remedy when a defendant fails to answer. *Id.* at 1336. The court concluded that Wells Fargo "should have" sought an entry of default under Rule 55(a), "since Perez had not filed an answer to the counterclaim . . . ." *Id.* at 1337. The court reversed and remanded for the trial court's consideration under Rule 55. *Id.* at 1338.

¶47. Additionally, in ***Dryer & Reinbold, Inc. v. AutoXchange.com., Inc.***, 771 N.E. 2d 764, 766 (Ind. Ct. App. 2002), AutoXchange failed to timely answer Dryer & Reinbold's counterclaim. As a result, Dryer & Reinbold filed a "Motion to Have Matter Deemed Admitted" and argued that because AutoXchange failed to timely respond to its counterclaim, all averments contained in the counterclaim should have been deemed admitted under Ind. Trial Rule 8(D).[5] *Id.* The trial court denied the motion, and Dryer & Reinbold appealed. *Id.* at 765.

¶48. On appeal, the court found that a motion under Indiana Trial Rule 8(D) was an inappropriate avenue for relief when a responsive pleading was untimely filed. *Id.* The court explained

> [Indiana Trial Rule] 8(D) states that averments are deemed admitted if not denied in the responsive pleading. However, the rule does not refer to the situation where a responsive pleading denying the averments is filed, but in an untimely manner. Put another way, the rule does not address the ramifications of a party's failure to comply with the trial rules. In contrast, Ind. Trial Rule 55, which governs default judgments, does address the appropriate remedy for such noncompliance . . . .

*Id.* at 767. The court concluded that "[t]he proper procedure for challenging the timeliness

---

[5] Indiana Trial Rule 8(D) is virtually identical to M.R.C.P. 8(d).

18

of a pleading is to apply for default under Trial Rule 55, before the pleading is filed." *Id.* at 769 (alteration in original) (quoting *DeHart v. Anderson*, 383 N.E.2d 431, 435 (Ind. Ct. App. 1978)).

¶49.    Here, as in *Perez*, Franklin seeks to disregard Rule 55 with its motion under Rule 8(d). Like the motion for judgment on the pleadings in *Perez*, Franklin's motion to deem admitted the allegations of the second amended complaint is "a default judgment by any other name." *Perez*, 774 F.3d at 1332. To grant Franklin's motion under Rule 8(d) would "effectively . . . amount[] to a default judgment against [BancorpSouth]" without the benefits of relief afforded under Rule 55. *Id.* Stated differently, to grant Franklin's motion under Rule 8(d) and to deem admitted all allegations of the second amended complaint would amount to a default judgment against BancorpSouth without allowing BancorpSouth an opportunity "to have [its] case considered on the merits before final judgment against [it] is entered." *Id.* at 133.

¶50.    While this Court does not excuse BancorpSouth's failure to timely file an answer, most courts, including this Court, have a strong preference for deciding cases on the merits, not based on a single missed deadline such as the one before us. *See Wheat v. Eakin*, 491 So. 2d 523, 526 (Miss. 1986) ("Default is not favored as a way to settle lawsuits. It is the policy of our system of judicial administration to favor disposition of cases on their merits." (citing *Bell v. City of St. Louis*, 467 So. 2d 657 (Miss. 1985))).

¶51.    Notably, this is not a case in which the defendant failed to appear or failed outright to respond. Instead, the record clearly shows BancorpSouth appeared and timely answered

19

the first amended complaint, participated in litigation, and filed a motion for summary judgment based on previously asserted defenses. While, on one hand, default and default judgments are entered regularly in cases in which a duly served defendant fails to appear and to respond to a complaint, on the other hand, when a defaulting litigant appears to desire to defend, the entry of default judgment is not preferred. *See Presley*, 942 So. 2d at 795 ("[The defendant] clearly evidenced every intention of defending the suit. To deny him the opportunity to appear and show cause to the court why the default should not be entered deprived him of the protection built into the Rules." (quoting ***Chassaniol v. Bank of Kilmichael***, 626 So. 2d 127, 132 (Miss. 1993))); *see also **Chassaniol***, 626 So. 2d at 131 ("Both the court and opposing counsel were on notice by virtue of the documents in the court file that [the defendant] was contesting every element of the [plaintiff]'s case and was contesting the entry of default by the clerk.").

¶52. Like the defendant in ***Presley***, BancorpSouth "clearly evidenced every intention of defending the suit." ***Presley***, 942 So. 2d at 795 (quoting ***Chassaniol***, 626 So. 2d at 132). Franklin's interpretation and application of Rule 8(d) contradicts this Court's preference of a trial on the merits and further contradicts the purpose of the procedural rules—"to promote the ends of justice." M.R.C.P. 1 advisory committee note. Accordingly, the trial court did not err in denying Franklin's motion to deem admitted the allegations of the second amended complaint under Rule 8(d).

### 2. Rule 55(a)

¶53. Franklin next argues the trial court's denial of its motion "allow[ed] BancorpSouth

20

to escape the separate, mandated consequences of a circuit clerk's entry of default pursuant to Rule 55(a) . . . ." Franklin claims that upon the clerk's entry of default, "every allegation of [its] [s]econd [a]mended [c]omplaint (except those as to the amount of damages) was admitted" and BancorpSouth "lost standing to counter or attack those admissions." However, once again, Franklin reads Rule 55(a) in isolation from the rest of the procedural rules.

¶54.    "After entry of default by the clerk, [a] defendant has no further standing to contest the actual factual allegations of the plaintiff's claim for relief."  M.R.C.P. 55 advisory committee note.  "If a defendant wishes an opportunity to challenge plaintiff's right to recover, a defendant's only recourse is to show good cause for setting aside the default under Rule 55(c)."  *Id*.

¶55.    The record reflects that BancorpSouth moved to set aside the entry of default.  For reasons previously discussed, the record supports setting aside the entry of default under Rule 55(c).  Thus, despite Franklin's assertion, BancorpSouth has standing to contest the allegations of Franklin's claims for relief.  Accordingly, the trial court properly denied Franklin's motion to deem admitted the allegations of the second amended complaint.

> B.    *Whether the trial court erred in allowing BancorpSouth to file an answer to the second amended complaint.*

¶56.    Franklin asserts the trial court's "order which allowed BancorpSouth to answer nearly four years late is fundamentally incompatible with BancorpSouth's failure to deny the allegations in Franklin's [s]econd [a]mended [c]omplaint and with the [c]ircuit [c]lerk's entry

21

of default." As a result, Franklin argues "the trial court's interlocutory order which allowed BancorpSouth to answer [the] second amended complaint should be reversed." This Court disagrees.

¶57. The Court has reviewed the applicable pleadings and notes that the first amended complaint and the second amended complaint are essentially the same, with the exception of a new cause of action alleging breach of fiduciary duty. However, the new claim for breach of fiduciary duty is based on the same underlying facts regarding BancorpSouth's management of Franklin's account. BancorpSouth's answer and defenses to the second amended complaint virtually mirrors its answer and defenses to the first amended complaint. Although BancorpSouth failed to timely respond to the second amended complaint, it continued to defend the allegations of the second amended complaint, including the new claim for breach of fiduciary duty. In fact, the record reflects that, despite an almost four-year delay in BancorpSouth's response, both parties actively and continuously litigated the case under the assumption that an answer had been filed. As a result, Franklin can show no prejudice in the filing of BancorpSouth's answer and defenses to the second amended complaint.

¶58. In light of the colorable defenses presented by BancorpSouth and the lack of prejudice to Franklin, the trial court did not abuse its discretion in allowing BancorpSouth to file an answer to Franklin's second amended complaint.

¶59. Franklin further asserts BancorpSouth waived its right to assert affirmative defenses. Thus, Franklin argues that even if "the trial court had the discretion to allow BancorpSouth

to answer Franklin's second amended complaint nearly four years later, . . . it [did not] have discretion to allow BancorpSouth to assert affirmative defenses." Yet the record shows Franklin's waiver argument is not properly before this Court.

¶60.    At the hearing on the various motions, the trial court specifically noted that it was "not ruling on the waiver of the affirmative defenses arguments" but, instead, would "consider that at another time." Because the trial court deferred ruling on the waiver issue to another time, it is not properly before this Court and will not be considered.

¶61.    Having considered the issues raised in Franklin's appeal, the trial court's interlocutory orders should be affirmed.

### CONCLUSION

¶62.    This Court affirms the two interlocutory orders at issue in Franklin's appeal, No. 2017-IA-00895-SCT and No. 2017-IA-00900-SCT, reverses the interlocutory order at issue in BancorpSouth's cross-appeal, No. 2017-IA-00905-SCT, and remands this case to the trial court for further proceedings consistent with this opinion.

¶63.    **AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

   **RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**