IRVING, P. J., for the Court:
 

 ¶ 1. This appeal arises out of a real-estate contract between Beaumont Homes, LLC and Colonial/Jordan Properties, LLC. The Madison County Chancery Court granted summary judgment in favor of Colonial/Jordan and granted Colonial/Jordan’s motion for attorneys’ fees. Feeling aggrieved, Beaumont appeals and argues that the chancery court erred in granting summary judgment and in awarding attorneys’ fees.
 
 [1]
 

 ¶ 2. Finding no error, we affirm.
 

 FACTS
 

 ¶ B. On September 16, 2005, Beaumont entered into a contract with Colonial/Jordan for the purchase of land “as is.” Beaumont intended to build a house on the property. However, following the sale, Beaumont learned that the Madison County Board of Supervisors had placed a temporary moratorium on the issuance of building permits for the property due to past problems with flooding.
 

 ¶ 4. On October 2, 2006, Beaumont filed suit against Colonial/Jordan,
 
 [2]
 
 alleging breach of contract, negligence, misrepresentation/negligent misrepresentation, fraudulent concealment, and breach of fiduciary duties and the duty of good faith and fair dealing, for failure to disclose the flooding problems on the property and the temporary moratorium on the issuance of building permits.
 

 ¶ 5. On April 30, 2009, Colonial/Jordan filed a motion for summary judgment, which the chancery court granted on June 22, 2009. On June 29, 2009, Colonial/Jordan filed a motion for attorneys’ fees, which the chancery court granted on March 1, 2010. On May 6, 2010, the chancery court entered an order assessing attorneys’ fees at $5,000.
 

 ¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 1. Summary Judgment
 

 ¶ 7. Beaumont argues that there is a genuine issue of material fact regarding whether Colonial/Jordan had a duty to disclose the property’s flooding problems and the moratorium on the issuance of building permits. When reviewing a grant of summary judgment, the standard of review is de novo.
 
 O.W.O. Invs., Inc. v. Stone Inv., Co.,
 
 32 So.3d 439, 446 (¶ 18) (Miss.2010). Summary judgment should be granted “if the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
 
 Id.
 
 (quoting M.R.C.P. 56(c)).
 

 ¶ 8. The sales contract contained an “as is” provision in Section 5(d), which states:
 

 
 *1240
 
 Buyer accepts said lot “as and where is” and in its present condition with respect to suitability for Buyer’s purposes, location, and physical conditions, including, without limitation, soil types, fill material, and bearing capacity, and Buyer also hereby releases Seller from any and all claims for damages as a result of the location and condition of said lot, including, without limitation, damages which hereafter may be suffered by Buyer or their heirs, successors, and assigns as a result of movement of soil, the natural flow of storm water, the overflow of established drainage ways, or the failure to maintain said drainage ways by the person or agencies responsible therefor.
 

 This Court has previously held that an “as is” clause in a contract exempts a seller from liability pertaining to the condition of the property.
 
 Crase v. Hahn,
 
 754 So.2d 471, 475 (¶ 8) (Miss.Ct.App.1999). There is no contention that Beaumont, a sophisticated party in the business of purchasing and developing real estate, did not understand the terms of the contract. Therefore, Beaumont is bound by the mutually agreed upon terms of the contract, which absolve Colonial/Jordan of any liability pertaining to the condition of the property.
 

 ¶ 9. Furthermore, because the sale involved real property without a dwelling, the statutory disclosure requirements that accompany land sales do not apply.
 
 [3]
 
 Consequently, Beaumont’s claim that Colonial/Jordan had a duty to disclose prior flooding problems or the moratorium on the issuance of building permits is without merit. As such, the chancery court did not err in granting Colonial/Jordan’s motion for summary judgment given that Beaumont agreed to purchase the property “as is” and that Colonial/Jordan had no duty to disclose either the property’s flooding problems or the moratorium on the issuance of building permits.
 

 2. Attorneys’Fees
 

 ¶ 10. Beaumont argues that the chancery court erred in awarding attorneys’ fees because the issue was raised for the first time in a post-trial motion. Furthermore, Beaumont contends that the chancery court was without jurisdiction to grant the award because Beaumont had already filed its appeal.
 

 ¶ 11. A chancery court’s decision to award attorneys’ fees is reviewed for abuse of discretion.
 
 Tupelo Redevelopment Agency v. Gray Corp.,
 
 972 So.2d 495, 518 (¶ 70) (Miss.2007). The real-estate contract between Colonial/Jordan and Beaumont contained the following provision regarding attorneys’ fees:
 

 If it shall become necessary to insure the performance of this Contract for either party to initiate litigation, then the party adjudged at fault agrees to pay reasonable attorney’s fees, court costs, and other expenses incident to such litigation.
 

 Colonial/Jordan submitted an affidavit in support of attorneys’ fees totaling $43,854.20; however, the chancery court
 
 *1241
 
 found that Colonial/Jordan was entitled to only $5,000 in attorneys’ fees.
 

 ¶ 12. The Mississippi Supreme Court has held that an inquiry into whether a party is entitled to attorneys’ fees cannot commence until a party has prevailed.
 
 Cruse v. Nunley,
 
 699 So.2d 941, 946 (¶ 19) (Miss.1997). Furthermore, “the fact that the fee request was made after the entry of judgment is not a proper basis for denying the fee award.”
 
 Id.
 
 at (¶ 20). Therefore, Beaumont’s argument that the chancery court erred in awarding attorneys’ fees because Colonial/Jordan raised the issue of attorneys’ fees for the first time in a post-trial motion is without merit.
 

 ¶ 13. Finally, this Court has held that under Rule 4(d) of the Mississippi Rules of Appellate Procedure,
 
 [4]
 
 a timely notice of appeal is suspended pending the disposition of post-trial motions.
 
 Phelps v. Phelps,
 
 937 So.2d 974, 977 (¶ 10) (Miss.Ct.App.2006). “Upon their disposition, [a party’s] notice of appeal is revived.... ”
 
 Id.
 

 ¶ 14. Colonial/Jordan filed its motion for attorneys’ fees on June 29, 2009. Beaumont filed its first notice of appeal, which related to the chancery court’s grant of summary judgment, on July 16, 2009. The chancery court entered its order awarding attorneys’ fees of $5,000 on May 6, 2010.
 
 [5]
 
 Therefore, Colonial/Jordan’s motion for attorneys’ fees was a pending post-trial motion at the time the first notice of appeal was filed. Thus, the chancery court maintained its jurisdiction over the post-trial motion for attorneys’ fees, even though Beaumont had filed its notice of appeal from the chancery court’s decision granting summary judgment. This issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.
 

 [1]
 

 . The chancery court granted Colonial/Jordan’s motion for attorneys’ fees subsequent to Beaumont’s initial notice of appeal of the grant of summary judgment. Therefore, Beaumont filed a second notice of appeal of the award of attorneys’ fees. Beaumont then filed a motion to consolidate the two appeals, which was granted.
 

 [2]
 

 . Beaumont, also filed suit against SMCDC, Inc., the managing member of Colonial/ Jordan; Mark Jordan, SMCDC’s president; and Dee Denton, a real-estate broker and agent for Colonial/Jordan.
 

 [3]
 

 . Mississippi Code Annotated section 89-1-501(1) (Rev.2011) states that:
 

 The provisions of [sjections 89-1-501 through 89-1-523 apply only with respect to transfers by sale, exchange, installment land sale contract, lease with an option to purchase, any other option to purchase or ground lease coupled with improvements,
 
 of real property on which a dwelling unit is located,
 
 or residential stock cooperative improved with or consisting of not less than one (1) nor more than four (4) dwelling units, when the execution of such transfers is by, or with the aid of, a duly licensed real[-]estate broker or salesperson.
 

 (Emphasis added). Additionally, section 89-l-501(2)(h) states that "[t]ransfers of real property on which no dwelling is located” are "specifically excluded from the provisions of [s]ections 89-1-501 through 89-1-523.”
 

 [4]
 

 . Rule 4(d) provides:
 

 If any party files a timely motion of a type specified immediately below the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Mississippi Rules of Civil Procedure (1) for judgment under Rule 50(b); (2) under Rule 52(b) to amend or make additional findings of facts, whether or not granting the motion would alter the judgment; (3) under Rule 59 to alter or amend the judgment; (4) under Rule 59 for a new trial; or (5) for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment. A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Notwithstanding the provisions of Appellate Rule 3(c), a valid notice of appeal is effective to appeal from an order disposing of any of the above motions.
 

 [5]
 

 . On May 17, 2010, Beaumont filed a second notice of appeal related to the award of attorneys' fees.