# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00347-COA

LA CASA I, LLC AND EDEN HASEN KERNS          APPELLANTS

v.

TERRI D. GOTTFRIED AND ROBERT J.          APPELLEES
GOTTFRIED

| | |
|---|---|
| DATE OF JUDGMENT: | 03/17/2021 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | RUSSELL SCOTT MANNING |
| ATTORNEY FOR APPELLEES: | VIRGIL G. GILLESPIE |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED IN PART; APPEAL DISMISSED IN PART - 10/18/2022 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McDONALD AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1. Terri and Robert Gottfried filed a complaint in May 2017 against La Casa I, LLC and Eden Hasen Kerns for breach of contract and fraud in the inducement. La Casa and Eden failed to timely respond to the complaint, and the Gottfrieds successfully applied for the clerk's entry of default in July 2017. La Casa and Eden subsequently filed separate answers and a joint motion to set aside the clerk's entry of default in August 2017. The Harrison County Circuit Court denied the motion to set aside the entry of default in June 2018. La Casa and Eden filed a joint motion to reconsider in July 2018, and the trial court denied the motion in September 2018. The trial court held a hearing on the Gottfrieds' claims for

damages and subsequently entered final judgment with damages ordered solely against La Casa, not Eden. Aggrieved, La Casa and Eden appeal from the judgment in favor of the Gottfrieds based the trial court's denial of their motion to set aside the entry of default and the trial court's denial of their motion to reconsider. Finding sufficient evidence supported the trial court's denying the requested relief of setting aside the entry of default, we affirm the trial court's final judgment in part as to La Casa. Because the judgment was not made final against Eden, we dismiss the appeal in part as to her.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     Eden Hasen Kerns (Eden)[1] purchased residential property located at 13249 Paradise Lane, Biloxi, Mississippi  (the "property"), on January 23, 2015. On November 23, 2016, Terri and Robert Gottfried signed and submitted an offer seeking to purchase the property and residence. Provision 7(B) of the offer stipulated that a "Property Condition Disclosure Statement" (PCDS) was required to be delivered to the Gottfrieds after they submitted their offer in accordance with Mississippi Code Annotated sections 89-1-501 to 89-1-527 (Rev. 2021).

¶3.     The PCDS for the property was completed and dated November 25, 2016, and listed the "SELLER(S)" as "La Casa I LLC". Pursuant to the terms of the offer, the PCDS was

---

[1] For the purposes of these legal proceedings, the defendant's legal name and the name that appears in the pleadings and evidentiary documents is "Eden Hasen Kerns." However, we are cognizant of the fact that the deed specifically listed "EDEN HASEN" as her name on the grantee line.

delivered to, and receipt was acknowledged by, the Gottfrieds on November 26, 2016. Thereafter, upon seemingly accepting the Gottfrieds' offer, Eden signed the offer contract and thereby executed a "Contract for the Sale and Purchase of Real Estate" (the "sale contract") with the Gottfrieds on November 29, 2016.[2]

¶4.     The Gottfrieds closed the sale transaction and purchased the property from La Casa on December 30, 2016. As part of the closing documents, the Gottfrieds signed a "Declaration of Acceptance" in which the Gottfrieds agreed to the following statements: all terms of the contract had been complied with to their satisfaction; they accepted the property in the condition it was in; the consideration they paid was fair, reasonable, and acceptable; and they understood that by accepting the deed, the seller would have no further responsibility or liability for any repairs and would be held harmless for any representations in the contract or other form.

¶5.     The Gottfrieds moved into the residence on the property in January 2017, and shortly after allegedly began having problems with the septic system and with flooding in the garage. On May 10, 2017, the Gottfrieds filed a complaint against La Casa, Eden, and Alain Harpin.[3] The complaint included claims for breach of contract and fraud in the inducement and sought damages of $150,000 for breach of contract and $150,000 for fraud. Additionally, the

---

[2] On the same day the Gottfrieds closed on the purchase of the property, La Casa received a quitclaim deed conveying the property from Eden.

[3] Harpin was the realtor involved in this sale transaction and was dismissed from this lawsuit after settling with the Gottfrieds separately.

Gottfrieds claimed they were entitled to punitive damages in the amount of $150,000, as well as attorney's fees.

¶6.    Summonses were issued for La Casa and Eden on May 10, 2017. La Casa was incorporated in Nevada and was not registered to do business in Mississippi at the time. Because La Casa was not registered in Mississippi, on May 23, 2017, the Gottfrieds served process on La Casa by serving the Mississippi Secretary of State pursuant to Mississippi Code section 79-29-1013(4) (Rev. 2013). On May 30, 2017, the Secretary of State, in turn, mailed a copy of the service of process by way of certified mail with a return-receipt-requested envelope to La Casa's registered agent, Mark Sherman, in Las Vegas, Nevada. A copy of the Secretary of State's letter and the delivery receipt were filed in the record, showing that Tiffany Mitchell, one of Sherman's employees, received the envelope and signed the mailing receipt on June 2, 2017.

¶7.    Eden's address of record was in Las Vegas, Nevada, as found in the property deeds.[4] Since Eden was not a resident of Mississippi, the Gottfrieds served process on her through certified mail. The certified mail envelope submitted as evidence in the record shows it was sent to Eden at "106 English Oak Str." The envelope indicates it was marked "Return to Sender Not Deliverable As Addressed Unable to Forward." However, the address appears to have been corrected at some point by someone who crossed out "106" and wrote "1604"

---

[4] As previously noted, we acknowledge that the trial court ultimately did not render a final judgment against Eden, but we include the facts regarding Eden's service of process for context since she was initially a party to the clerk's entry of default.

4

to the side. The face of the envelope shows the word "REFUSED" written on the front, along with a red ink-stamped box that provided lines related to "notice" and seemingly contained the date "6-1" added by hand.

¶8.    La Casa and Eden failed to answer the Gottfrieds' complaint within the required time. *See* M.R.C.P. 12(a). Consequently, the Gottfrieds filed their application to the clerk for entry of default against La Casa and against Eden on July 24, 2017. The clerk filed an entry of default as to both La Casa and Eden that same day (July 24, 2017). Then, on July 25, 2017, the Gottfrieds filed a notice of hearing informing the parties of record that the Gottfrieds set a court date of August 24, 2017, for a hearing on their complaint, motion for default judgment, and assessment of damages.

¶9.    On August 13, 2017, before the Gottfrieds' scheduled hearing, La Casa and Eden each filed a separate answer to the complaint. La Casa and Eden subsequently filed a joint motion to set aside the clerk's entry of default on August 18, 2017.[5] They also filed a joint motion seeking leave to file a third-party complaint on August 18, 2017. The circuit court held a hearing on August 24, 2017, to allow La Casa and Eden to present the motion to set aside the clerk's entry of default.

¶10.    About ten months after the hearing, having not yet received a ruling from the court, the Gottfrieds filed a notice on June 13, 2018, informing the parties that they had set a status

---

[5] The Gottfrieds attempted to set a hearing on damages for August 31, 2017, but it was ultimately reset to a much later date due to La Casa's impending motion to set aside.

5

conference with the court for June 28, 2018. But on June 27, 2018, the circuit court entered its order denying La Casa's and Eden's motion to set aside the clerk's entry of default. In reaching its conclusion, the court addressed whether La Casa and Eden had shown good cause for setting aside the entry of default, considering the legitimacy of the reason for default, the existence of a colorable defense, and the extent of prejudice to the Gottfrieds. The court determined that service of process was proper as to both La Casa and Eden and that the affidavits submitted in support of their motion did not sufficiently refute that service was proper or explain why they did not timely answer the complaint. The court further held that the defense that was offered, placing blame on the subcontractor, was not a sufficient colorable defense. Lastly, the court found that the Gottfrieds would not suffer immediate prejudice in the pursuit of the asserted claims if the entry of default were set aside, but the court did specifically acknowledge the continued damage the Gottfrieds endured due to raw sewage in their backyard.

¶11. On July 6, 2018, La Casa and Eden filed a motion to reconsider pursuant to Mississippi Rule of Civil Procedure 59(e).[6] La Casa and Eden requested the trial court to reconsider its June 27, 2018 order denying their motion to set aside the clerk's entry of default in order to correct an error of law. They argued that the court failed to take into

---

[6] A motion for relief pursuant to Rule 59(e) is a motion seeking to alter or amend the trial court's judgment. M.R.C.P. 59(e). "[T]o succeed on a Rule 59(e) motion, the movant must show: (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice." *Brooks v. Roberts*, 882 So. 2d 229, 233 (¶15) (Miss. 2004).

consideration the other defenses they asserted besides the alleged third-party liability of the subcontractor. According to La Casa and Eden, when considered in conjunction with the court's finding of no prejudice, the defenses asserted should have been sufficient to meet the requisite standard under the law. Specifically, La Casa and Eden stated that they asserted the additional defenses of the Gottfrieds' failure to inspect the plumbing as conditioned in the contract and that La Casa and Eden were unaware of problems with the property because the subcontractor had represented that all issues were repaired. The trial court held a hearing on the motion to reconsider and denied the motion on September 17, 2018.

¶12.   The following year, in November 2019, the Gottfrieds set a court date regarding the assessment of damages. The trial was held as scheduled on December 19, 2019, during which testimony was elicited from both Robert Gottfried and Terri Gottfried, as well as from a designated expert witness in septic systems.

¶13.   At the conclusion of the trial, the court took the matter under consideration. On February 24, 2021, the trial court entered its judgment against La Casa for damages on the Gottfrieds' claims for breach of contract and fraud in the inducement. The trial court specifically provided the following language in the judgment:

> The Plaintiffs submitted proof . . . which was received by the Court. The Court having heard and considered same and having been fully informed in the premises finds that the actions of the Defendant, Eden Hasen Kerns, although implicit in the damages suffered by the Plaintiffs, were not sufficient to sustain damages against her.

The court awarded the Gottfrieds actual damages of $115,512.91, punitive damages of

7

$75,000, and attorney's fees of $57,153.87, for a total judgment of $247,666.78. Subsequently, the trial court entered an order on March 17, 2021, certifying the judgment as final against La Casa, solely, pursuant to Mississippi Rule of Civil Procedure 54(b).

¶14. Aggrieved, La Casa and Eden filed a joint notice of appeal on March 29, 2021, as to the trial court's rulings on the joint motion to set aside the clerk's entry of default and the joint motion for reconsideration.

## STANDARD OF REVIEW

¶15. This Court "review[s] a trial court's grant or denial of a motion to set aside an entry of default for [an] abuse of discretion." *Franklin Collection Serv. Inc. v. BancorpSouth Bank*, 275 So. 3d 1048, 1053 (¶11) (Miss. 2019). Our standard of review "is limited to whether the trial judge abused his discretion; we may not rule on whether he was 'right' or 'wrong' in our view." *Detroit Marine Eng'g v. McRee*, 510 So. 2d 462, 467 (Miss. 1987).

## DISCUSSION

### I.    Claims Against Eden

¶16. As a preliminary matter, we note that the final judgment that this Court is asked to reverse disposed of the claims against only La Casa. As Eden concedes, the trial court's final judgment did not include an official adjudication concerning the claims against Eden. Rather, "on the issue of [Eden's] involvement in this appeal, out of an abundance of caution, [Eden] appealed the Entry of Default currently hanging over her . . ." and requests that this Court overturn the entry of default against Eden if the judgment and entry of default against La

8

Casa are overturned. Because the trial court's order certifying the final judgment under Rule 54(b) did not address the Gottfrieds' complaint as it pertained to Eden, and no final judgment was rendered against Eden otherwise, her appeal is not properly before this Court and is dismissed. *See Ind. Lumbermen's Mut. Ins. Co. v. Curtis Mathes Mfg. Co.*, 456 So. 2d 750, 755 (Miss. 1984). Additionally, the trial court's order denying the motion to set aside the clerk's entry of default and the order denying the motion for reconsideration pursuant to Rule 59(e) were both interlocutory orders[7] and not final appealable judgments. *See Tucker v. Williams*, 198 So. 3d 299, 306-07 (¶¶12-16) (Miss. 2016); *McRae v. Mitchell*, 337 So. 3d 1057, 1060-61 (¶¶7-9) (Miss. 2022).

## II.     La Casa's Issues on Appeal

¶17.    La Casa's request for relief on appeal from the judgment is two-fold. First, La Casa asserts that the court erred when it determined that the defendants did not sufficiently explain the reason for default or provide valid colorable defenses and, thus, erroneously denied the motion to set aside the clerk's entry of default. Second, La Casa claims that the trial court erred by denying the motion to reconsider because the court failed to correct an error of law and prevent manifest injustice when given a subsequent opportunity to set aside the clerk's entry of default.

---

[7] Our supreme court has held that "the order denying [a defendant's] motion to set aside the default entry [is] an interlocutory order, not a final, appealable judgment." *Tucker*, 198 So. 3d at 307 (¶14). Additionally, "any order in a multiple-party or multiple-claim action that does not dispose of the entire action is interlocutory, . . . [and] parties may not appeal interlocutory orders as of right." M.R.C.P. 54 advisory committee notes.

### A.    Motion to Set Aside Entry of Default

¶18.    "An entry of default may be set aside for 'good cause shown' under Mississippi Rule of Civil Procedure 55(c)." *Franklin Collection*, 275 So. 3d at 1053 (¶13). Our supreme court has stated that "'[g]ood cause' is shown when the moving party provides an explanation for the default or gives reasons why setting aside the entry of default would serve the interests of justice." *Id.* at (¶14). "[T]he same three factors considered under Rule 60(b) are relevant to a consideration of whether to set aside an entry of default." *Id.* at 1054 (¶17) (referencing M.R.C.P. 60(b)). On appeal, "[w]hen considering whether the trial court abused its discretion by failing to set aside an entry of default, the Court considers (1) the nature and legitimacy of the explanation for the default, (2) whether there is a colorable defense to the claim, and (3) the extent of prejudice to the plaintiff if the default is set aside." *Id.* at 1053 (¶14).

### 1.    Nature and Legitimacy of Explanation

¶19.    Under the first prong, the question we must ask is whether the defendant "failed to present a persuasive explanation for its failure to answer[.]" *Id*. at 1054 (¶17).

¶20.    In *American States Insurance Co. v. Rogillio*, 10 So. 3d 463, 468 (¶11) (Miss. 2009), when justifying the failure to answer, "American States concede[d] that its registered agent was properly served by Rogillio. It claim[ed] that the support staff at its home office in Seattle, Washington committed an 'inadvertent clerical error.'" The supreme court found that

> At the hearing before the trial court, counsel for American States characterized the reason for default as [] a simple mistake by Mr. Anderson[, the registered agent]. It was a simple mistake by someone in the home office[.] . . . But that was an honest mistake. . . . I think the reasons for the default are simple

10

> neglect-negligence . . . but certainly not a bold face [] attempt just to ignore the summons and complaint and ignore the plaintiff's lawsuit[.]

*Id*. at 469 (¶14). In holding this excuse to be insufficient, the supreme court stated that "[m]isfiling the summons and complaint does not explain how American States failed to answer it. American States does not claim that it did not receive the complaint, or that it did not recognize or understand the import of a summons and complaint." *Id*. at (¶15). Consequently, the court concluded that American States's proffered excuse was inadequate.

¶21.    The excuse La Casa presented in the instant case is comparable to that of American States's excuse. La Casa's registered agent, Mark Sherman, conceded that one of the employees in his office signed for the envelope from the Secretary of State containing forwarded copies of the complaint on June 2, 2017. But Sherman claims that he was not physically handed the mailed papers and was not actually aware of the Gottfrieds' lawsuit against La Casa. According to Sherman, the reason for La Casa's failure to timely answer was due to an accident or mistake by his office because the complaint was not passed on to him.

¶22.    Based on the record before this Court, "the reason for [La Casa's] default can only be characterized as inadvertence of" La Casa's registered agent, "which is insufficient to establish good cause." *Franklin Collection*, 275 So. 3d at 1054 (¶16) (holding "'simple inadvertence, mistake of counsel, and failure to follow up' do not amount to good cause" (quoting *Stanford v. Parker*, 822 So. 2d 886, 889 (¶9) (Miss. 2002))). La Casa and its registered agent ultimately do not dispute that service of process on La Casa was in

11

compliance with Mississippi Code Annotated section 79-29-1013 (Rev. 2013). We cannot find that the trial court erred in determining that La Casa failed to provide a legitimate explanation justifying the default.

## 2.      Colorable Defenses

¶23.      "The second prong of the balancing test asks whether the defendant has a colorable defense to the merits of the plaintiff's claim." *Tucker*, 198 So. 3d at 312 (¶34). Our supreme court has held that "[a] colorable defense is one that reasonably may be asserted, given the facts of the case and the current law." *Franklin Collection*, 275 So. 3d at 1054 (¶18). The trial court's order denying the motion to set aside the entry of default addressed La Casa's defenses to the Gottfrieds' claims by simply stating, "Further, this Court does not believe that Defendants placing blame on a subcontractor is a sufficient colorable defense."

¶24.      On appeal, La Casa essentially argues that it presented three different defenses that could absolve La Casa of liability for the Gottfrieds' claims and that would support setting aside the clerk's entry of default. La Casa argues (1) a third party is responsible and liable for the Gottfrieds' damages; (2) the Gottfrieds failed to comply with the satisfactory home-inspection contingency in their contract before choosing to proceed with the sale; and (3) La Casa did not know that septic tank problems existed at the time it signed the disclosure statement.

¶25.      But importantly, "[b]ecause this Court is reviewing the propriety of the trial court's refusal to set aside the entry of default, we review the evidence and arguments . . . that were

12

before the trial court at the time that it ruled on [the defendant's] motion[]." *Tucker*, 198 So. 3d at 316 (¶49). "This Court has repeatedly held that a trial judge will not be found in error on a matter not presented to the trial court for a decision." *Maness v. K & A Enters. of Miss. LLC*, 250 So. 3d 402, 410 (¶21) (Miss. 2018).

¶26. After a thorough review of the record, we cannot find that the trial court abused its discretion by determining that La Casa failed to present sufficient colorable defenses to the merits of the Gottfrieds' claims. To assess the sufficiency of La Casa's defenses, we briefly recount the substance of the Gottfrieds' complaint that gives rise to this appeal. The Gottfrieds' complaint first raised a claim against La Casa and Eden for breach of contract regarding the sales contract and the PCDS. The Gottfrieds alleged that the property was purchased in Eden's name and that the sales contract was signed and executed by Eden, but La Casa had presented itself as the seller at the closing transaction.

¶27. Next, the Gottfrieds' argued that the PCDS was false and fraudulent because it was provided by La Casa on a date when La Casa did not actually own the property, and La Casa failed to disclose certain known conditions of the property. Specifically, the Gottfrieds claimed that La Casa failed to disclose that La Casa had arranged for repairs to be made to the septic system and a new septic tank to be installed; the septic system and septic tank were deficient and non-functioning; and there were existing flooding problems in the garage. The complaint alleged that La Casa knew the disclosure statement was false and fraudulent but had presented it to the Gottfrieds anyway.

13

¶28.    The second claim raised in the Gottfrieds' complaint was for fraud in the inducement. The Gottfrieds' alleged fraud based on the following grounds: La Casa enticed the Gottfrieds to enter into a contract for the transfer of property that La Casa knew would be flipped; La Casa was intent on defrauding the Gottfrieds by causing the installation of improper sewer facilities and then misrepresenting the septic problems to the Gottfrieds; and La Casa knew the disclosure statement was false because La Casa had non-permitted, faulty work conducted on the septic tank system.

¶29.    Looking at La Casa's motion, we find that La Casa made several arguments in defense of the Gottfried's claims. We believe it is worth noting at the outset that La Casa attached three affidavits in support of the motion to set aside the clerk's entry of default, but all three affidavits only address the issue of service of process on the parties and do not discuss colorable defenses.

¶30.    First, La Casa argued that the PCDS contained accurate and correct information at the time La Casa filled out the disclosures. The sale contract included a provision that required a PCDS to be given to the Gottfrieds in accordance with Mississippi Code Annotated sections 89-1-501 through 89-1-527. *See* Miss. Code Ann. § 89-1-501. Section 89-1-503 states, "The transferor of any real property subject to Sections 89-1-501 through 89-1-523 shall deliver to the prospective transferee the written property condition disclosure statement required."

¶31.    Also, in the section of the PCDS related to the water, sewer, and septic items, La Casa

14

specifically marked the line expressing that La Casa was not aware of any problems relating to any of the sewage items during La Casa's ownership. But the record reveals that La Casa admitted it had arranged to have a contractor install a new septic tank on the property prior to the date the PCDS was filled out. Of note, the beginning section of the PCDS instructs the seller to include the past history of problems when completing the form. La Casa's statement that it hired a contractor to replace the septic tank effectively acknowledges that La Casa was aware of its past history and further renders the PCDS false and inaccurate. Therefore, we find that La Casa's argument here cannot reasonably be asserted in defense of the Gottfrieds' claims.

¶32.    Second, La Casa offered the defense that an independent contractor was liable to the Gottfrieds for the defective condition of the sewer system and the damages suffered by the Gottfrieds. The Gottfrieds' claims ultimately seek to hold La Casa liable for breaching a sales contract with the Gottfrieds, as well as for relaying false information about the property to the Gottfrieds through the PCDS. The record indicates the independent contractor was not involved in the sales contract or the PCDS provided to the Gottfrieds. As a part of this defense, La Casa argued that it was unaware of the defective condition of the septic system and that any existing problems had been concealed by the independent contractor's representations to La Casa. Yet La Casa, by its own admission, stated it knew and had arranged for a new septic tank to be installed. Because of this admission, La Casa cannot reasonably assert that the independent contractor was liable for La Casa's false statement

15

about the history of the septic system. This case is similar to *Lewis v. Rula*, 293 So. 3d 317 (Miss. Ct. App. 2020). In *Lewis*, "[t]he Lewises failed to comply with the statutory requirements concerning disclosures by failing to disclose the known repair history . . . . [I]t is undisputed the Lewises had work done on and around the subject parapet wall and roof." *Id*. at 321 (¶¶8-9). This court found that "[t]he Lewises were fully aware that the subject parapet wall had issues because they had paid a contractor to repair numerous problems prior to the sale of the home to the Rulas." *Id*. at 322 (¶14). Therefore, we cannot find that this defense, shifting liability to a third-party independent contractor, is a colorable defense to the Gottfrieds' claims.

¶33. Third, La Casa argues that the Gottfrieds had a responsibility to inspect the septic system's condition before completing the purchase of the property. Whether the Gottfrieds inspected the system does not negate that La Casa knew about the installation of a new septic tank but falsely declared in the PCDS that La Casa was not aware of a history of problems with the septic system. "[W]here all the facts are in the possession of the person making the representation he may not shift the burden of verification upon one who he knows is acting upon his representation." *Rhyne v. Gammil*, 215 Miss. 68, 77, 60 So. 2d 500, 502 (1952). Said differently, "the seller cannot escape responsibility by showing that the purchaser upon inquiry, might have ascertained that such representations were not true." *Reed v. Charping*, 207 Miss. 1, 10, 41 So. 2d 11, 12 (1949); *see also Watson Lab'ys Inc. v. State*, 241 So. 3d 573, 588 (¶36) (Miss. 2018) ("If a false statement is made by one who may be fairly assumed

16

to know what he is talking about, it may be accepted as true, without question and without inquiry, although the means of correct information are in reach.").

¶34. An inspection of the septic system's condition at the time of the sale involves a separate determination from the facts regarding any previous issues. The factual details of any problems and repairs in the past would only be known to the seller and may not necessarily have been discoverable on inspection. Here, the facts regarding the history of the plumbing and septic system and the installation of a new septic tank were within La Casa's possession. La Casa cannot shift the burden to the Gottfrieds to verify that there were no problems with the septic system during La Casa's ownership. *Rhyne*, 215 Miss. at 77, 60 So. 2d at 502. Moreover, La Casa cannot use the terms of the contract requiring the Gottfrieds to conduct an inspection of the septic system as a means of avoiding responsibility for providing false information to the Gottfrieds. *Reed*, 207 Miss. at 10, 41 So. 2d at 12. La Casa's argument here cannot reasonably be asserted as a defense to the merits of the Gottfrieds' claims to relieve La Casa of liability.[8]

¶35. Fourth, La Casa alleges the defense that the declaration of acceptance the Gottfrieds signed at closing absolved La Casa of liability for the defective condition of the septic system

---

[8] *See Corley v. Reed*, 164 Miss. 678, 145 So. 241, 244 (1933) ("There was a latent defect deliberately concealed from the vendee by the vendor that rendered detection by reasonable inspection practically impossible."); *Hall v. Thompson*, 9 Miss. (1 S. & M.) 443, 485 (1843) ("[T]he law holds it to be fraudulent also, in the vendor to conceal material facts which are within his knowledge, and unknown to the other party; such facts being calculated to influence the other party, and to operate to his prejudice.").

existing at the time of the sale. The declaration of acceptance the Gottfrieds signed stated they accepted the property in the condition that the property was in at the time of closing and agreed to hold La Casa harmless from future liability for damages related to the property. The declaration of acceptance in this case is similar in nature and comparable to an "as is" clause in a sales contract, which the courts in Mississippi previously have addressed. Typically, "an 'As Is' clause in a contract exempts a seller from liability pertaining to the condition of the property." *Beaumont Homes LLC v. Colonial/Jordan Props. LLC*, 71 So. 3d 1238, 1240 (¶8) (Miss. Ct. App. 2011). But "the affirmative duty to disclose defects within the [property] to prospective buyers would still apply, regardless of an 'as-is' clause." *Lewis*, 293 So. 3d at 320 (¶7). Nevertheless, it has been held that

> the general rule [is] that an 'as is' provision in a contract for the sale of realty, by which the purchaser agrees to take the property in the condition in which it is, will not serve to preclude a purchaser from bringing an action for recision or for damages if such is based upon the seller's fraudulent representation or concealment concerning the physical condition of the property.

*Pitre v. Twelve Oaks Tr.*, 818 F. Supp. 949, 952 (S.D. Miss. 1993). "[A]n 'as-is' clause may waive a warranty, but only after the satisfaction of the affirmative duty to disclose [property] defects." *Lewis*, 293 So. 3d at 320 (¶7).

¶36.    The Gottfrieds brought claims for damages seeking to hold La Casa liable for providing false information about the physical condition of the plumbing and septic system. Thus, the declaration of acceptance exempting La Casa from liability does not apply to preclude the Gottfrieds from bringing a claim for damages in this case. We find that La

18

Casa's contention that the declaration of acceptance precludes La Casa from being liable for damages cannot reasonably be asserted against the merits of the Gottfrieds' claims.

¶37.    Lastly, at the hearing on the motion to set aside the clerk's entry of default, La Casa presented the trial court with the additional defense that the Gottfrieds had not offered proof that La Casa knew of the septic problems. La Casa alleged that nothing in the record, other than unsupported allegations, showed that La Casa knew about any septic tank problems or defects before the sale. La Casa also argued that the record was devoid of proof showing that La Casa intentionally filled out the PCDS to induce the Gottfrieds to buy the property.

¶38.    The burden for the motion to set aside the clerk's entry of default was on La Casa to provide a colorable defense. *See Am. Cable Corp. v. Trilogy Commc'ns Inc.*, 754 So. 2d 545, 554-55 (¶35) (Miss. Ct. App. 2000). We cannot find any evidence that was submitted by La Casa to show that La Casa did not know there were problems with the septic system or to support La Casa's alleged defenses otherwise. *Id*. (holding "What has been given as a definition of a 'colorable' or 'meritorious' defense under this Rule is whether it is 'good at law so as to give the fact-finder some determination to make.'" (quoting *Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986))). We find that La Casa's argument did not provide any sufficient colorable defense to the merits of the Gottfrieds' claims and cannot reasonably be asserted to refute the extent of La Casa's knowledge at the time the disclosure statement was completed and signed.

¶39.    After reviewing the record, we cannot find that the trial court abused its discretion by

holding that La Casa failed to present a sufficient colorable defense. This prong does not weigh in favor of setting aside the clerk's entry of default.

### 3. Prejudice to the Plaintiff

¶40. Lastly, our review under "the third prong of the balancing test concerns the prejudice, if any, [that would be] suffered by the plaintiff if" the court were to set aside the entry of default. *Rogillio*, 10 So. 3d at 471 (¶21). Our supreme court has explained that "the key inquiry in determining whether a plaintiff . . . [would] suffer[] prejudice . . . is the passage of time." *Tucker*, 198 So. 3d at 316 (¶46). For example, the supreme court "explicitly has recognized that delay may be substantially prejudicial in cases involving motor vehicle accidents due to the impact of the passage of time on [a] 'witnesses[ ] memories regarding a split second event,' and the fact that evidence may be lost over time." *Id*. (quoting *Guar. Nat'l Ins. Co. v. Pittman*, 501 So. 2d 377, 388 (Miss. 1987)).

¶41. "It also is a valid consideration that a severely injured plaintiff would suffer ongoing emotional and financial distress due to the delay in resolving the case." *Id*. "[T]he fact that 'the injured plaintiff is without a resolution to her claim for that period of time [(i.e., the period of delay caused by the defendant's default)]' constitutes prejudice." *Rogillio*, 10 So. 3d at 472 (¶23) (quoting *Pittman*, 501 So. 2d at 388).

¶42. In this case, the trial court's order stated, "This Court will admit, there is no immediate prejudice to the Gottfrieds as to their pursuit of claims in this proceeding. However, this Court will acknowledge the continued damage the Gottfrieds endure by having

20

raw sewage in their backyard." The Gottfrieds served process on La Casa through the Mississippi Secretary of State on May 23, 2017. The circuit court clerk filed an entry of default against La Casa on July 24, 2017, and the Gottfrieds scheduled a hearing as to the entry of default for August 24, 2017. La Casa filed an answer to the complaint on August 13, 2017, which was a little less than three months from the date the complaint was filed and process was served. While it is important to note that only a small portion of the elapsed time between the filing of the complaint and the final judgment was caused by La Casa, we are also mindful that approximately three years and nine months passed from the date the complaint was filed to the date the trial court entered a judgment awarding damages.[9]

¶43. We further recognize that the Gottfrieds would have continued to suffer emotional and financial distress from the non-functioning septic system if the entry of default had been set aside. But the crux of the Gottfrieds' complaint was La Casa's knowledge of property details before the sale and La Casa's false statements on the disclosure form; neither of these claims would have been substantially prejudiced in their resolution by setting aside the clerk's entry of default.

¶44. At the time La Casa filed a motion to set aside the clerk's entry of default, the trial court had not held a hearing on the Gottfrieds' claims or taken the matter under consideration. The Gottfrieds also had not yet expended time or resources to present their

---

[9] This period of time includes a delay of about fourteen months by the Gottfrieds in setting a court date to present their claims and alleged damages after the trial court denied La Casa's motion to reconsider.

21

claims in court or call expert witnesses. The passage of time before the filing of an answer and a motion to set aside the clerk's entry of default was short and likely did not result in the loss of evidence or deterioration of witness memories that would have negatively impacted the Gottfrieds' claims. We cannot find that the trial court abused its discretion in determining that the foundation of the Gottfrieds' claims would not have been prejudiced by setting aside the entry of default under the third and final prong of our analysis.

## CONCLUSION

¶45.    Taken altogether, upon review of all three prongs relevant to our inquiry, we find that La Casa's motion to set aside the entry of default did not sufficiently explain the reasons for default or provide colorable defenses to the merits of the claims. A balancing of the totalities in this case shows that both the lack of good cause for delay and insufficient colorable defenses factors weigh in the Gottfrieds' favor. Therefore, the trial court did not abuse its discretion by denying La Casa's motion on the ground that La Casa failed to show good cause to warrant setting aside the entry of default. We affirm the trial court's final judgment against La Casa, and because the judgment was not made final against Eden, we dismiss the appeal as to her.

¶46.    **AFFIRMED IN PART; APPEAL DISMISSED IN PART.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**